

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-1175
Re: Commissioners' Court - deputy
tax assessors-collectors -
Article 3902, R. C. S.

Your request for opinion upon the following questions:

"1. Would the employment by the Commissioners' Court of 'representatives of the Commissioners' Court' at salaries in excess of $1,800.00 per annum for the purpose of working under the direction of the Tax Assessor-Collector in assessing property, and the taking of the oath of office for Deputy Tax Assessors by said representatives, be a violation of Section 3 of Article 3902, which, referring to counties the size of the one in question, states that salaries of assistants, deputies or clerks, other than the First Assistant or Chief Deputy, shall not exceed $1,800.00 per annum?

"2. Would your answer to question number 1 be the same if the employees did not take an oath of office?

"3. Would the payment for overtime to employees who are drawing the maximum salary allowed under Section 3 of Article 3902 be a violation of that Article?"

Article 3902, Revised Civil Statutes of Texas, in part, reads as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: . . . .     (Underscoring ours)

"In counties having a population of thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants, first assistant or chief deputy not to exceed Twenty-one Hundred ($2100.00) Dollars per annum; other assistants, deputies or clerks not to exceed Eighteen Hundred ($1800.00) Dollars per annum each. Provided that nothing in this Act shall be construed as repealing or affecting Section 2 of H. B. No. 694, Chapter 315, Acts 1935, Forty-fourth Legislature, page 724. . . ."

The population of Nueces County, Texas, according to the 1930 Federal Census in 51,779.

"Commissioners' Court are courts of limited jurisdiction, in that their authority extends only to matters pertaining to

the general welfare of their respective
counties and that their powers are only
those expressly or impliedly conferred upon
them by law, - that is, by the Constitution
and statutes of the state."  11 Texas Juris-
prudence 564-565.

"The appointment of deputies, chief
clerks, or assistants by certain officers
is specifically authorized by the statutes.
Under the general statutory law, county
officers coming within the provisions of
the maximum fee bill are required to apply
to the commissioners' court for authority
to appoint deputies, assistants or clerks,
and such court may make an order authoriz-
ing their appointment, determine the num-
ber to be appointed, and fix the compensa-
tion to be paid them within certain pre-
scribed limits.  In no case may the com-
missioners' court or any member thereof
attempt to influence the appointment of
any person as deputy, assistant or clerk in
any office.  Prior to the enactment of
the general statute county officers deter-
mined for themselves the question of employ-
ing deputies, and made contracts for their
compensation, but now the State determines
the necessity for employing them and their
number and compensation.

"The authority thus conferred upon
the commissioners' court to assist in the
appointment of deputies can be exercised
only in the manner prescribed.  If the
statutory requirements are not complied
with, the appointment of a deputy is void,
and he may be ousted through quo warranto
proceedings at the instance of the State. . . ."
Texas Jurisprudence, Vol. 34, § 155, p. 602.

"This provision manifests a public
policy to empower county and precinct offi-
cers generally to select their deputies and
assistants, and to forbid the Commissioners'
Court from attempting to influence them in
the selection of their assistants.  The
reason for this policy is that officers
elected to discharge public trusts, and
upon whom the responsibility for the pro-
per

per discharge thereof rests, should be free
to select persons of their own choice to
assist them." Neeper vs. Stewart, 66 S. W. (2d)
812.

The statutes do not provide for such offices as
"Representatives of the Commissioners' Court".

The Deputy Tax Assessors-Collectors are the
deputies of the Tax Assessor-Collector, responsible to
their superior and employer, the Tax Assessor-Collector,
and are not "representatives of the Commissioners' Court",
and are not responsible to the Commissioners' Court.
They may be discharged by the Tax Assessor-Collector,
but not by the Commissioners' Court.

In answer to your questions, you are respect-
fully advised that it is the opinion of this department
that there are no such offices are "representatives of the
Commissioners' Court"; that the Commissioners' Court
has no authority to employ same either as "representatives
of the Commissioners' Court" or as "deputies of the Tax
Assessor-Collector", regardless of whether such purported
representatives of the Commissioners' Court take an oath
of office or not.

You are further respectfully advised that it is
the opinion of this department that the Tax Assessor-
Collector of Nueces County, Texas, may apply to the
Commissioners' Court for authority to appoint deputies,
stating the number he desires to appoint, the positions
to be filled, and the amount to be paid each, which shall
be presented in his sworn application to said Commissioners'
Court, as outlined in Article 3902, Revised Civil Statutes
of Texas. The salary of the first assistant or chief
deputy shall not exceed $2,100.00 per annum and the salary
of other deputies, clerks or assistants shall not exceed
$1,800.00, in your county, under Section 3 of Article
3902, Revised Civil Statutes of Texas.

You are further respectfully advised that it
is the opinion of this department that the maximum salary
a legal deputy Tax Assessor-Collector, other than the
first assistant or chief deputy, may receive in one year
in $1,800.00. There is no provision made in the statutes
for "overtime pay or salary".

Honorable C. J. Wilde, Page 5


Trusting that this satisfactorily answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant


WJF:GO

APPROVED OPINION COMMITTEE
BY
CHAIRMAN


APPROVED AUG 12, 1939

ATTORNEY GENERAL OF TEXAS